ORIGINAL

✓ N

# 25758

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **BOBBY DAN ROBERTS** | § |
| PLAINTIFF, | § |
| | § |
| | § |
| VS. | § |
| | § |
| | § |
| **SCM PROPERTY COMPANY, LLC,** | § |
| **RPS SAN MATEO & 125, LLC,** | § |
| **RPS BLOOMFIELD, LLC, RPS 528 &** | § |
| **GRANDE, LLC, RPS MAIN &** | § |
| **COLLEGE, LLC, RPS 54 &** | § |
| **TRANSMOUNTAIN, LLC, RPS TEXAS,** | § |
| **LLC, RPS MAIN & TEMPLE, LLC,** | § |
| **RPS FARMINGTON, LLC, RPS** | § |
| **SUDDRETH & NAVAJO, LLC,** | § |
| **RPS 6TH & UNIVERSITY, LLC,** | § |
| **RPS TELESHOR & COMMERCE, LLC,** | § |
| **RPS RIVERSIDE, LLC,** | § |
| **SOUTHERN & UNSER, LLC,** | § |
| **RPS VALLEY & RIGSBY, LLC** | § |
| | § |
| **DEFENDANTS** | § |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

OCT - 9 2008

CLERK, U.S. DISTRICT COURT
By _____
Deputy

CIVIL ACTION NO. ____

**3-08CV1804-N**

---

### NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. § 1446(a), Defendants SCM PROPERTY COMPANY, LLC; RPS

SAN MATEO & 125, LLC; RPS BLOOMFIELD, LLC; RPS 528 & GRANDE, LLC; RPS MAIN

& COLLEGE, LLC; RPS 54 & TRANSMOUNTAIN, LLC; RPS TEXAS, LLC; RPS MAIN &

TEMPLE, LLC; RPS FARMINGTON, LLC; RPS SUDDRETH & NAVAJO, LLC; RPS 6TH &

UNIVERSITY, LP INCORRECTLY NAMED AS RPS 6TH & UNIVERSITY, LLC; RPS TELESHOR

& COMMERCE, LLC; RPS RIVERSIDE, LLC; SOUTHERN & UNSER, LLC; AND RPS

VALLEY & RIGSBY, LLC (collectively "Defendants") file this Notice of Removal and show:

1.      Defendants are named in a state court action styled *Bobby Dan Roberts v. SCM Property Company, LLC, et al*; Cause No. C-08-07396-A, pending in County Court at Law No. 1, Dallas County, Texas.

2.      Plaintiff filed his Original Petition in state court on August 26, 2008. Beginning on September 9, 2008 Defendants were served with Plaintiff's lawsuit, with service effected on all Defendants by September 11, 2008. As discussed in paragraphs 5-6, *infra*, Plaintiff's Original Petition does not, on its face, clearly indicate whether the parties are citizens of different states. On September 24, 2008, following review of organization materials, corporate records, and member citizenship materials relating to Defendants RPS 54 & Transmountain, LLC, RPS, Texas, LLC, and RPS 6th & University, LP, Defendants and their undersigned counsel of record determined that all named defendants are citizens of a different state from Plaintiff.

3.      This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441, because the case is a civil action between citizens of different states wherein the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. The United States Supreme Court has recognized that the amount in controversy component for diversity jurisdiction is met where, as here, the plaintiff alleges a good faith claim in excess of the minimum jurisdiction amount.[1] Further, Defendants would show that in this lawsuit Plaintiff alleges he was denied 10% of the profits Defendants obtained from the sale of multiple

---

[1]      *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L. Ed. 845 (1938); Plaintiff's Original Petition, p. 6, ¶ 18.

commercial and/or real estate projects.[2]  Based upon the type and amount of damages sought by

Plaintiff, it is clear he is seeking an amount in excess of the minimum jurisdictional threshold,

excluding interest, costs, and attorney's fees.[3]

4.     Plaintiff avers he is a resident of Dallas County, Texas.[4]

5.     Defendants are companies organized under the laws of the State of New Mexico,

having their principal places of business in New Mexico.  In his Original Petition, Plaintiff

readily avers the following Defendants are New Mexico companies with their principal places of

business in New Mexico: SCM Property Company, LLC; RPS San Mateo & I-25, LCC; RPS

Bloomfield, LLC; RPS 528 & Grande, LLC; RPS Main & College, LLC; RPS Main & Temple,

LLC; RPS Farmington, LLC; RPS Suddreth & Navajo, LLC; RPS Telshor & Commerce, LLC;

RPS Riverside, LLC; Southern & Unser, LLC; and RPS Valley & Rigby, LLC.[5]

6.     Plaintiff also acknowledges that Defendants RPS 54 & Transmountain, LLC;

RPS, Texas, LLC; and RPS 6th & University, LP are New Mexico Companies, but asserts that

the first two do business in Texas, and that the third owns and operates a Chili's restaurant in

Texas.[6]  Neither of these facts, however, are applicable when determining these Defendants'

citizenship for diversity purposes.[7]  Further, while Plaintiff fails to openly state that the foregoing

entities have their principal place of business in New Mexico, all three *do* have their principal

places of business in the State of New Mexico as evidenced by Exhibits A, B & C, respectively;

attached hereto.  Moreover, federal case law establishes that the citizenship of a partnership or

unincorporated association, such as an LLC, is determined by the citizenship of the members of

---

[2]     Plaintiff's Original Petition, p. 7, ¶ 21.
[3]     *See St. Paul*, 303 U.S. at 288.
[4]     Plaintiff's Original Petition, p. 1, ¶ 2.
[5]     *Id.*, pp. 1-5.
[6]     *Id.*, p. 3, ¶¶ 8-9, & p. 4, ¶ 12.

the entity.[8]  Here all the members of Transmountain, LLC and RPS, Texas, LLC, and the partners of RPS 6th & University, LP are New Mexico citizens.[9]  Therefore, under any applicable citizenship test – state of organization, principal place of business, or citizenship of partner/members – the foregoing entities are citizens of the State of New Mexico.

7.    Accordingly, Defendants are citizens of a different state from Plaintiff and diversity jurisdiction existed at the time Plaintiff filed his Original Petition and diversity jurisdiction exists now.

8.    Because this is a civil action of which the district courts of the United States have original jurisdiction, the case may be removed to this Court pursuant to 28 U.S.C. § 1441.

9.    Pursuant to 28 U.S.C.  § 1446(b) this Notice of Removal is timely filed within thirty (30) days after both: (a) service on the first Defendant on September 9, 2008; and (b) Defendants determined, on September 24, 2008, that complete diversity existed between the parties.

10.    Removal is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place where the removed action is pending.

11.    Promptly after filing of this Notice of Removal, Defendants shall give written notice of the removal to Plaintiff through his attorney of record and to the clerk of the state court as required by 28 U.S.C. § 1446(d).

12.    In accordance with 28 U.S.C.  § 1446(a), copies of all process, pleadings and orders filed in the state court action as of this date are attached hereto as "Exhibit D."

---

( . . . continued)

[7]    *See* 28 U.S.C. § 1332(c).

[8]    *Safeco Ins. Cov. v. City of White House*, 36 F.3d 540, 544-45 (6th Cir. 1994); *see Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003) (citizenship of LLC is citizenship of its members).

[9]    Organization docs?  Affidavit?

WHEREFORE, Defendants request that Cause No. C-08-07396-A now pending against them in County Court at Law No. 1, Dallas County, Texas be removed to the United States District Court for the Northern District of Texas, Dallas Division, as an action properly removable thereto and seek general relief.

Respectfully submitted,

**MARSHALL WHITE, LLP**

By: _____
Christopher C. White (Attorney in Charge)
State Bar No. 00794841
Christopher L. Ash
State Bar No. 24031827
901 Main Street, Suite 4100
Dallas, Texas 75202
214-722-7100
214-722-7111 (Facsimile)

ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel pursuant to the Federal Rules of Civil Procedure on this the 9th day of _October_ 2008:

Craig A. McDougal
TSBN: 13569850
S. Wesley Butler
TSBN: 24045593
Crouch & Ramey, LLP
1445 Ross Avenue, Suite 3600
Dallas, TX 75202
214.922.7100
214.922.7101-fax

Christopher L. Ash